**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

RONALD SAMUELS,

        Plaintiff(s),　　　　　　　**DECISION AND ORDER**
   v.　　　　　　　　　　　　　　11-CV-6255

POLICE OFFICER DARREL SCHULTZ,
POLICE OFFICER ANTHONY DiPONZIO and
POLICE OFFICER BERNIE COARICA,

        Defendant(s).

## Preliminary Statement

Plaintiff Ronald Samuels (hereinafter "Samuels" or plaintiff), proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against the defendant Rochester Police Department ("RPD") Officers on grounds that they used excessive force against him on May 2, 2008 in violation of his Fourth and Eighth Amendment rights. See Complaint (Docket # 1). Currently pending before the Court is defendants' motion to dismiss. (Docket # 7).[1]

## Relevant Facts

On May 2, 2008, defendants Schultz, DiPonzio and Coarica, all RPD officers, were involved in the arrest of plaintiff. See Complaint (Docket # 1). According to plaintiff, all three officers used excessive force against him. Id. Plaintiff alleges that as a result of the officers' actions he suffered physical injuries and emotional suffering. Id.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c), the parties have consented to jurisdiction by a magistrate judge. (Docket # 11).

With the instant motion, defendants seek dismissal of this action pursuant to Rule 26(b)(6) of the Federal Rules of Civil Procedure ("FRCP") for failure to state a claim for which relief may be granted on grounds that plaintiff failed to commence this action within the time required by the statute of limitations. See Docket # 7.  Defendants assert that since the alleged excessive force occurred on May 2, 2008, plaintiff was required under the applicable statute of limitations to commence the instant action on or before May 2, 2011, but failed to do so.  Defendants maintain that the Western District of New York's Clerk's Office received plaintiff's Complaint on May 11, 2011 and filed said Complaint on May 12, 2011. See Declaration of Adam M. Clark, Esq. (hereinafter "Clark Decl.") annexed to Docket # 7 at ¶ 5.  Defendants argue that "the Complaint should be dismissed because the statute of limitations had run out before the Complaint was filed or even received by the Court, and all claims in the Complaint are time barred."  See Defendants' Memorandum of Law (hereinafter "Def. Memo") annexed to Docket # 7 at pp. 2-3.  Defendants further argue that plaintiff's Eighth Amendment claims should be dismissed because he "had not been subjected to a formal adjudication of guilt at the time" his claims arose, as "the events in question happened when the Defendant Officers arrested the Plaintiff, and well before any formal adjudication of guilt."  Id. at p. 3.

In response to defendants' motion, plaintiff asserts that he attempted to commence the instant action in the time required by the limitations period. See Docket # 13. Specifically, plaintiff contends that he completed his Complaint on April 17, 2011 and "handed complaint to Prison Officials for mailing April 18/11, within statue [sic] of limitations." Id. at ¶ 4.

## Discussion

FRCP Rule 12(b)(6) authorizes the Court to dismiss a complaint if it fails to allege a claim for which relief may be granted.  In deciding such a motion, "the Court must construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  Rodenhouse v. Palmyra-Macedon Cent. Sch. Dist., No. 07-CV-6438 CJS, 2008 WL 2331314, at *2 (W.D.N.Y. June 3, 2008)(citation omitted).  Such a motion "may not be granted so long as the complaint includes 'enough facts to state a claim to relief that is plausible on its face.'"  Malay v. City of Syracuse, 638 F. Supp. 2d 303, 309 (N.D.N.Y. 2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Facial plausibility" is achieved when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  In order to sufficiently state a claim, the pleading

must contain enough factual allegations to give the defendant fair notice of what the claim is and the grounds upon which it rests, and cannot consist merely of bald assertions and conclusory allegations unsupported by factual assertions.  See Nash v. McGinnis, 585 F. Supp. 2d 455, 458 (W.D.N.Y. 2008); Rodenhouse, 2008 WL 2331314, at *2 (citation omitted).

A motion to dismiss on grounds that a claim is barred by the applicable statute of limitations is properly brought under FRCP Rule 12(b)(6) as a motion to dismiss for failure to state a claim upon which relief can be granted.  The statute of limitations is an affirmative defense on which the defendant bears the burden of proof.  See Fed. R. Civ. P. 8(c).  A court may grant a motion to dismiss on statute of limitations grounds if the Complaint, on its face, "clearly shows the claim is out of time." Harris v. City of N.Y., 186 F.3d 243, 250 (2d Cir. 1999).  The statute of limitations for a Section 1983 action arising from events in New York is New York's three-year limitations period applicable to personal injury actions.  Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997); see also Mixon v. Sedita, 757 F. Supp. 2d 229, 231 (W.D.N.Y. 2010).  A Section 1983 action accrues when the plaintiff knows, or has reason to know, of the injury that is the basis of his Complaint.  See Eagleston v. Guido, 41 F.3d 865, 971 (2d Cir. 1994).

Here, it is apparent from the face of plaintiff's Complaint that his claim for excessive force accrued on May 2, 2008, the day

4

he was arrested.  Accordingly, plaintiff's Section 1983 claims accrued on May 2, 2011 – three years after the alleged incident on May 2, 2008.  The Clerk's Office received plaintiff's Complaint on May 11, 2011 and the instant action was filed the next day, on May 12, 2011 – both of these dates are beyond the three year limitations period.  Plaintiff's Complaint, however, is dated April 17, 2011, and plaintiff maintains that he handed his Complaint to prison officials on April 18, 2011, which is *within* the three year limitations period.

The issue presented here requires the Court to consider the so-called "Prison Mailbox Rule," which was set forth by the Supreme Court in Houston v. Lack, 487 U.S. 266 (1988).[2]  Pursuant to the Prison Mailbox Rule, a prisoner's submission "is deemed 'filed' at the moment of delivery to prison authorities for forwarding to the district court."  See Walker v. Jastremski, 430 F.3d 560, 562 (2d Cir. 2005)(citing Houston v. Lack, 487 U.S. at 270); see also Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993)(extending Houston's prison mailbox rule rationale to the filing of civil complaints).  The Supreme Court noted the "unique" difficulties *pro se* prisoner litigants face, namely that they "cannot take the steps other litigants can take to monitor the processing of their [submissions

---

[2] In Houston v. Lack, the Supreme Court held that a *pro se* prisoner's notice of appeal was filed as of the date he delivered the appeal to prison officials for transmittal to the court.  487 U.S. at 270.

to the court] to ensure that the court clerk receives and stamps their [submissions] before the [pertinent] deadline." Houston v. Lack, 430 F.3d at 270-71. The Court concluded that although courts generally require actual receipt by the court clerk of filing papers on the due date, rather than the mailing of those papers, "an exception should be made for prisoners who have no choice other than to give their legal documents to prison officials." Dory v. Ryan, 999 F.2d at 682 (citing Houston v. Lack, 430 F.3d at 275). In Dory, the Second Circuit remarked that "[t]he foundation of Houston is the inherent disadvantage suffered by the *pro se* litigant in his inability to monitor the course of his litigation." 999 F.2d at 682. The Second Circuit found that:

> Unlike other litigants, the *pro se* prisoner litigant cannot personally ensure receipt of his legal documents by the court clerk. He cannot even place his complaint directly into the hands of the United States Postal Service or other private carriers, or call the court to determine whether the complaint has been received and stamped "filed." The prisoner simply has no control over the processing of his complaint, and he should not be required to do more under Fed.R.Civ.P. 5(e) than turn his complaint over to prison officials within the statute of limitations period.

Id.

Here, plaintiff maintains that on April 18, 2011 he handed his Complaint to prison officials to be mailed to the district court for filing. Plaintiff's Complaint is dated April 17, 2011 and the Court has no reason not to believe plaintiff that he handed it to prison officials the next day for mailing. In the absence of

6

contrary evidence, the Court must credit the *pro se* plaintiff's factual representation as to when he delivered the Complaint to prison officials. Accordingly, under the Prison Mailbox Rule, I find that plaintiff's Complaint was "filed" on April 18, 2011.[3] Since plaintiff's Complaint was "filed" within the three year statute of limitations, plaintiff's claims are timely and defendants' motion to dismiss the Complaint for failing to file within the statute of limitations is denied.

## Conclusion

Defendants' motion to dismiss (Docket # 7) is **denied.** Defendants are directed to Answer the Complaint within the time limits set forth in the Federal Rules of Civil Procedure.
SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 30, 2012
Rochester, New York

---

[3] If contrary evidence is developed during discovery, the Court may revisit the statute of limitations issue.